**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
Dorothy Ceparano,

                              Plaintiff,

           -against-

United States of America, Wells Fargo &
Company, and Tom Pinkowski,

                         Defendants.
-------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
10-cv-728 (ADS) (ARL)

**APPEARANCES:**

**Zinker & Herzberg, LLP**
*Attorneys for the plaintiff*
278 East Main Street, Suite C
PO Box 866
Smithtown, NY 11787
       By:    Jeffrey Herzberg, Esq., of Counsel

**Loretta E. Lynch, United States Attorney for the Eastern District of New York**
*Attorneys for the defendant United States of America*
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
       By:    Assistant United States Attorney Thomas A. McFarland

**Tom Pinkowski**
*Defendant pro se*
3703 Calle Fino Clarete
San Clemente, CA 92673

**NO APPEARANCE:**

Wells Fargo & Company

**SPATT, District Judge.**

       The plaintiff Dorothy Ceparano brought this action to quiet title to proceeds she

received from the sale of property at 17 Lipson Court, East Northport, New York 11731

(the "Lipson Court Property"). The United States Government, one of the parties with respect to whom the plaintiff seeks to quiet title, now moves to dismiss the plaintiff's complaint against it for failure to state a claim. For the reasons that follow, the Court grants the Government's motion, with limited leave to replead.

## I. BACKGROUND

This case follows from a previous order entered by this Court in a related criminal case, U.S. v. Ceparano, No. 98-cr-922, DE# 54 (E.D.N.Y. May 13, 2009) ("Ceparano I"), as well as the Second Circuit's decision on an appeal of that order in U.S. v. Ceparano, 365 Fed. App'x 256 (2d Cir. 2010) ("Ceparano II"). Familiarity with both of those orders is assumed.

Both Ceparano I and Ceparano II arose in the context of the criminal prosecution of Stephen Ceparano, who is the husband of the present plaintiff, Dorothy Ceparano. At the time Ceparano I and Ceparano II were issued, Stephen had plead guilty to conspiracy to commit money laundering, and this Court had sentenced him to pay $385,000 in restitution to compensate the present defendants Wells Fargo & Company ("Wells Fargo") and Tom Pinkowski. The issues addressed in Ceparano I and Ceparano II arose when the Government attempted to collect the restitution owed by Stephen, which led the Government to investigate whether Stephen had illegally secreted funds. The Government's efforts in this regard included examining the issue that underlies the present case: whether Stephen Ceparano fraudulently transferred his interest in the Ceparano's home, the Lipson Court Property, to Dorothy Ceparano in 1990.

In furtherance of the Government's efforts to look into the alleged 1990 fraudulent transfer, the Government served a limited restraining notice on Dorothy Ceparano, as well

as a subpoena seeking documents concerning the 1990 transfer of the Lipson Court Property. In Ceparano I and Ceparano II, Dorothy Ceparano challenged both the restraining notice and the subpoena, and sought an express declaration that the Government was not entitled to void the 1990 transfer of property. In Ceparano I, the Court denied all of Dorothy Ceparano's requests, and found, among other things, that (1) the Government had established a prima facie case of fraudulent transfer, and (2) no statute of limitations barred the Government from seeking to annul the transfer under state law. 98-cr-922, DE# 54 at 6–10. Dorothy Ceparano took an appeal of this decision to the Second Circuit, but for procedural reasons, the Second Circuit did not rule on Dorothy's challenges to either the restraining notice or the subpoena. However, the Second Circuit did affirm the Court's denial of a declaratory judgment, but "without prejudice to the initiation of a separate action to quiet title with respect to [the Lipson Court Property]." Ceparano II, 365 Fed. App'x at 258.

On February 18, 2010, Dorothy Ceparano took advantage of the Second Circuit's grant of leave, and commenced the present case. Dorothy's present complaint directly addresses neither the now-expired restraining notice nor the Government's subpoena, but rather seeks the third item that Dorothy requested from the Court in Ceparano I: namely, a declaration that the defendants cannot void the 1990 transfer of the Lipson Court Property. The plaintiff asserts in her complaint that she is entitled to this relief because the applicable statute of limitations bars the Government from seeking to void the transfer.

On May 10, 2010, after the plaintiff had once amended her complaint, the defendant United States of America moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On May 17, 2010, the defendant *pro*

3

*se* Tom Pinkowski submitted a letter stating that he joined in the Government's motion. On January 3, 2011, this case, which was originally pending before United States District Judge Joana Seybert, was transferred to this Court. The Court then directed all parties to re-file any pending motions, and on February 15, 2011, the Government again moved to dismiss. Pinkowski did not submit any further documents. In responding to the Government's motion, Dorothy Ceparano requested that the Government's motion to dismiss be converted into a motion by her for summary judgment. The Government opposes Dorothy's request.

## II. DISCUSSION

**A. As to the Government's Motion to Dismiss**

While the Second Circuit left open to the plaintiff the option to pursue the present case, this Court already ruled conclusively in <u>Ceparano I</u> on the issues that Dorothy Ceparano now raises in her complaint. The Court does not deviate from that previous ruling, and therefore grants the Government's motion to dismiss.

As stated in <u>Ceparano I</u>, in 1990 Stephen and Dorothy Ceparano, as a married couple, transferred the Lipson Court Property to Dorothy Ceparano, as an individual, for zero dollars. In her present complaint, Dorothy does not address the underlying issue of whether that transfer was fraudulent. Rather, she asserts only that the relevant statute of limitations bars the Government from voiding the 1990 transfer.

In <u>Ceparano I</u>, the Court addressed essentially the same argument. There, the Court explained that it was true that the Federal Debt Collections Procedures Act limited the Government's power to use federal law to undo the 1990 transfer of property. <u>Ceparano I</u>, No. 98-cr-922, DE# 54 at 9–10. However, the Court found that the

Government was nevertheless permitted to pursue collection of restitution under state law—including the state law permitting the voiding of fraudulent transfers. Id. (citing United States v. Alfano, 34 F. Supp. 2d 827, 835 (E.D.N.Y. 1999)). Significantly, the Court also found that, while substantive state law remedies were available to the United States, the attendant state law statutes of limitation did *not* apply to the Government, because the Government was acting in its sovereign capacity in collecting restitution. Id.; see also United States v. Summerlin, 310 U.S. 414, 416–17, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940) (holding United States is not bound by state statutes of limitation in enforcing its rights); U.S. v. Johnson, 378 F.3d 230 (2d Cir. 2004) (noting the Circuit's "long-held understanding of the purposes of restitution, which include not only the compensation of victims, but also the punishment of offenders"); U.S. v. Smith, No. 05-cr-201, 2008 WL 700320, *2 (W.D.N.C. Mar. 13, 2008) ("In this [criminal] case, the United States, in its governmental capacity, is simply acting as an enforcer of the restitution judgment").

Here, the plaintiff alleges facts that are identical to the facts the Court considered in Ceparano I, and therefore the Court's holding in that decision applies to this case. As such, the Court affirms its previous determination that state law statutes of limitations do not bar the Government from seeking to void the 1990 transfer of the Lipson Court Property, and finds that the plaintiff has not stated a valid claim for a declaratory judgment.

Nevertheless, the plaintiff opposes this conclusion by asserting what appears to be a variation on her previous argument that the relevant statute of limitations bars the Government from voiding the 1990 transfer. Specifically, the plaintiff maintains that the

5

Government is reinstating already stale claims that the beneficiaries of the restitution—the present defendants Pinkowski and Wells Fargo—failed to timely pursue. This, she concludes, is prohibited. Although the plaintiff's articulation of her argument is not entirely clear, the most generous reading that the Court can give to this line of reasoning is that, because they were bilked by him, Pinkowski and Wells Fargo presumably would have had civil claims against Stephen Ceparano to void the 1990 transfer. However, Wells Fargo and Pinkowski failed to timely pursue those civil claims, and now the Government may not reinstate them in the context of Stephen Ceparano's criminal case.

To be sure, the plaintiff's argument relies on valid law indicating that the Government may not, generally, reinstate a stale claim based on a new statute or the Government's position as subrogee. See United States v. California, 507 U.S. 746, 756, 113 S. Ct. 1784, 123 L. Ed. 2d 528 (1993); In re WorldCom, Inc. Securities Litigation, Nos. 02-cv-3288 & 03-cv-9499, 2004 WL 1435356, **6–7 (S.D.N.Y. Jun. 28, 2004). However, the plaintiff's argument in this regard fails for the same basic reason that her primary statute of limitations argument fails: there is no legal basis for treating the Government as an agent for Pinkowski or Wells Fargo. As noted in Ceparano I, the Government acts in its governmental capacity when it makes efforts to collect restitution. No. 98-cr-922, DE# 54 at 10. While Pinkowski and Wells Fargo will benefit from the Government's collection of restitution, the weight of authority provides that the Government is not an agent of the persons who will ultimately receive the proceeds of restitution payments. See, e.g., Johnson, 378 F.3d at 245 ("defendants' victims may not veto the obligation of the District Court to impose orders of restitution"). As such, the Government is not reinstating stale civil claims by Pinkowski or Wells Fargo, but rather

pursuing its independent sovereign interest in seeking to collect restitution from Stephen Ceparano.

Finally, Dorothy Ceparano notes that, in 2007, she sold the Lipson Court Property to a third party for approximately $450,000, and that she placed this money into a bank account to which only she has access. Dorothy then appears to suggest that this confirms that only she has an interest in the $450,000 sale proceeds from the Lipson Court Property. Of course, Dorothy's placing the proceeds of the sale in her bank account does not affect who has an interest in those funds. The Court has held that the Government is free to seek to show that the 1990 transfer of the Lipson Court Property was fraudulent, and that Stephen Ceparano therefore had an interest in the Lipson Court Property even after the 1990 transfer. It thus follows that the Government is also free to seek to show that Stephen Ceparano has an interest in the $450,000 sale proceeds from that property, regardless of what bank account those funds are in. For these reasons, and the reasons set forth in Ceparano I, the Court grants the Government's motion to dismiss the plaintiff's cause of action against it for failure to state a claim.

However, the Court notes that Dorothy Ceparano has alleged no facts indicating whether or not the 1990 transfer of property was actually fraudulent. Thus, while the Court finds that the Government is not precluded by the statute of limitations from pursuing an action to void the 1990 transfer, the Court makes no finding as to whether such an action by the Government would be successful on the merits. The Court therefore grants Dorothy Ceparano twenty days from the date of this Order to amend her complaint to seek to quiet title based on a theory that the 1990 transfer was not substantively fraudulent.

**B. As to the Plaintiff's Motion for Summary Judgment**

In her response to the Government's motion to dismiss, the plaintiff requests that the Government's motion to dismiss be converted into a motion *by her* for summary judgment. While there are legal grounds for converting a party's motion to dismiss into a motion *by that party* for summary judgment, the plaintiff cites to, and the Court is aware of, no authority permitting a party's motion to dismiss to be converted into a motion *by the opposing party* for summary judgment. Nevertheless, the matter is easily resolved. Even if the plaintiff had made a proper motion for summary judgment, it would be denied for substantially the same reasons that the Court grants the Government's motion to dismiss.

**C. As to the Remaining Defendants**

Along with the Government, the plaintiff has named as defendants Tom Pinkowski and Wells Fargo, who are the beneficiaries of Stephen Ceparano's restitution obligation. Wells Fargo has made no appearance in this case, and is presently in default. For his part, Tom Pinkowski previously indicated his intention to join in the Government's motion to dismiss, but offered no further indication as to why the Court should dismiss the plaintiff's claim against him. As such, to the extent that Tom Pinkowski has moved to dismiss the plaintiff's claim against him, that motion is denied. The plaintiff's claims against both Wells Fargo and Pinkowski therefore remain pending.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Government's motion to dismiss for failure to state a claim is granted without prejudice to the plaintiff's right, within twenty days of the date of this

Order, to amend her complaint to assert an action against the Government to quiet title on grounds unrelated to statutes of limitations; and it is further

**ORDERED** that the plaintiff's motion for summary judgment, to the extent that such a motion was made, is denied; and it is further

**ORDERED** that the defendant Tom Pinkowski's motion to dismiss, to the extent that such a motion was made, is denied; and it is further

**ORDERED** that the Clerk of the Court is respectfully requested to amend the caption in this case to read as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
Dorothy Ceparano,

                        Plaintiff,

    -against-

Wells Fargo & Company and Tom Pinkowski,

                    Defendants.
---------------------------------------------------------X

**SO ORDERED.**

Dated: Central Islip, New York
July 21, 2011

                                                                /s/ Arthur D. Spatt
                                                              ARTHUR D. SPATT
                                                          United States District Judge