UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DOROTHY CEPARANO,

               Plaintiff,

                                     **ORDER**
            -against-                       10-cv-0728 (ADS)(ARL)

WELLS FARGO & COMPANY and TOM
PINKOWSKI,

               Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Zinker & Herzberg, LLP**
*Attorneys for the Plaintiff*
278 East Main Street, Suite C
PO Box 866
Smithtown, NY 11787
      By:    Jeffrey Herzberg, Esq., of Counsel

**Tom Pinkowski**
*Pro Se Defendant*
3703 Calle Fino Clarete
San Clemente, CA 92673

**NO APPEARANCE:**

Wells Fargo & Company

**SPATT, District Judge.**

      The Plaintiff commenced this action on or about February 18, 2010, seeking a declaratory judgment that the Defendants have no claim, interest or right to the net proceeds the Plaintiff received from the sale of property at 17 Lipson Court, East Northport, New York 11731 (the "Property"). As explained in several previous orders, this case has a complicated procedural history. Essentially, on July 21, 2011, the Court granted a motion to dismiss that was filed by a previous defendant, the United States of America. What is now

before the Court is a third motion for a default judgment as against the two remaining Defendants, Wells Fargo & Company ("Wells Fargo") and Tom Pinkowski. On March 24, 2012, the Court referred the matter of the default judgments to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion should be granted. Upon receipt of the referral order, Judge Lindsay issued an order directing the Plaintiff to serve and file papers in support of the relief she was seeking and permitting the defaulting Defendants to submit opposing papers.

In response, the Plaintiff informed the Court that she could not file a "non-frivolous memorandum of law in support of her request for declaratory relief, until and unless the Second Circuit reverses the holding in [this Court's order granting the Government's motion to dismiss]." Stated otherwise, the Plaintiff contends that she cannot provide support for her current motion for a declaratory judgment against Wells Fargo and Pinkowski, because she would be required to make the same arguments that this Court has already rejected. The Plaintiff indicated to both Judge Lindsay and to this Court that the only reason she is now seeking a default judgment against Wells Fargo and Pinkowski is so she can appeal this Court's previous decision to the Second Circuit Court of Appeals. Accordingly, the Plaintiff has stated that she would not be opposed to the Court denying the motions for a default judgment against Wells Fargo and Pinkowski if it is a "final order." Therefore, on April 20, 2012, Judge Lindsay recommended that the motion for a default judgment be denied as the Plaintiff has indicated that she cannot support her request for relief at this time.

On April 23, 2012, after the Report and Recommendation was issued by Judge Lindsay, the Plaintiff filed an affidavit in further support of her motion for default judgment. However, Ceparano did not articulate any specific objections to Judge Lindsay's report. Rather, the

Plaintiff attempted through this filing to provide a basis to support its relief against the two defaulting Defendants.

As an initial matter, the Court will not consider this affidavit as a basis to grant the requested declaratory relief against Wells Fargo and Pinkowski. Cf. Wesley v. Alexander, No. 99 Civ. 2168, 2005 U.S. Dist. LEXIS 43457, at *16-17 (S.D.N.Y. April 25, 2005) (noting that where counsel sought to introduce evidence and arguments he failed to raise before the magistrate judge, in a supplemental report and recommendation the magistrate judge observed that "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and — having received an unfavorable recommendation — shift gears before the district judge"); Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

Permitting the Plaintiff to contravene the Magistrate Judge's direction to support its claim for relief and have the Magistrate Judge issue a Report and Recommendation, and then afterward submit its arguments to this Court as to why it is entitled to relief, would undermine the purposes of promoting efficiency and fairness in the expeditious administration of justice that Congress sought to achieve through the Federal Magistrates Act, 28 U.S.C. §§ 631 *et seq*. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985) (observing that the "fundamental congressional policy underlying the Magistrate's Act" is "to improve access to the federal courts and aid the efficient administration of justice"). Magistrate judges exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." Wesley, 2005 U.S. Dist.

3

LEXIS 43457, at *16 (quoting Chamblee v. Schweiker, 518 F. Supp. 519, 520 (N.D. Ga. 1981)); see id. (discussing the "important" role played by magistrate judges "within the federal judicial framework"); H.R. Rep. No. 1629, 90th Cong., 2d Sess., reprinted in 1968 U.S. Code Cong. & Admin. News 4252, 4257; Federal Magistrates Act: Hearings before Subcomm. No. 4 of the House Comm. on the Judiciary, 90th Cong., 2d Sess. 81 (1968) (testimony of Sen. Tydings) ("We hope and think that innovative, imaginative judges who want to clean up their caseload backlog will utilize the U.S. magistrates in these areas [enumerated in 28 U.S.C. § 636(b)] and perhaps even come up with new areas to increase the efficiency of their courts.").

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

"A party is not entitled to a default judgment as a matter of right simply because its adversary fails to answer or otherwise respond to a complaint." First Specialty Ins. Corp. v. Diontech Consulting, Inc., No. 10 Civ. 2559, 2012 WL 748619, at *3 (E.D.N.Y. March 7, 2012) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Instead, the resolution of a motion for a default judgment is "left to the sound discretion of the district court." Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). The Second Circuit has identified three considerations as especially relevant to the question of whether entry of a default judgment is appropriate: (a) the willfulness of the default; (b) the existence of a meritorious defense; and (c) the level of prejudice that the non-defaulting

4

party may suffer should the motion be denied. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001); Rodriguez, 784 F. Supp. 2d at 114. When a district court believes a default judgment is warranted, the Court must then determine what if any relief the moving party should be awarded. In making this determination, the Court accepts the factual allegations as true; draws all reasonable inferences in the moving party's favor; and determines whether the allegations establish liability as a matter of law. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [the defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.").

In the present case, even taking the Plaintiff's allegations as true and drawing all reasonable inferences in its favor, the Court cannot say that Ceparano is entitled to declaratory relief against Wells Fargo and Pinkowski, as a matter of law. The Plaintiff contends that the statute of limitations has expired for the named Defendants to seek the enforcement of their restitution rights against Ceparano in the event that her husband, Stephen Ceparano, defaults on his restitution obligations. According to Ceparano, neither the Government nor the two individual Defendants, Wells Fargo & Company and Tom Pinkowski, commenced an action, no less a timely action, to avoid the transfer of the property from Stephen Ceparano to Dorothy Ceparano individually, in 1990.

The Mandatory Victims Restitution Act of 1996 (Restitution Act), Pub. L. No. 104-132, §§ 201-211, 110 Stat. 1227-1241, made victim restitution a mandatory component of the sentence for many federal crimes and provided for enhanced post-conviction enforcement of such orders by the federal government. 18 U.S.C. §§ 3663A, 3664. Prior to the Restitution Act, restitution orders in federal criminal sentences could be enforced by either the crime victim or the United States. 18 U.S.C. 3663(h) (1994). The Restitution Act strengthened enforcement by

providing that the Attorney General "shall be responsible for collection of an unpaid fine or restitution," including victim restitution. 18 U.S.C. 3612(c). 18 U.S.C. § 3613 provides that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). These same enforcement options are available to the Government for the enforcement of an order of restitution. 18 U.S.C. § 3613(f).

Previously, this Court found that the Government was not precluded by the statute of limitations from pursuing an action to void the 1990 transfer. See generally Ceparano v. United States, 798 F. Supp. 2d 462 (E.D.N.Y. 2000). The Government acts in its governmental capacity when it makes efforts to collect restitution. While Pinkowski and Wells Fargo will ultimately benefit from the Government's collection of restitution, the weight of authority provides that the Government is not an agent of the persons who will ultimately receive the proceeds of restitution payments. As such, the Government would not be reinstating stale civil claims by Pinkowski or Wells Fargo, but rather pursuing its independent sovereign interest in seeking to collect restitution from Stephen Ceparano. Thus, this Court has held that the Government is free to seek to show that the 1990 transfer of the Lipson Court Property was fraudulent, and that Stephen Ceparano therefore had an interest in the Lipson Court Property even after the 1990 transfer. Moreover, the Government is also free to seek to show that Stephen Ceparano has an interest in the $450,000 sale proceeds from that property.

As a result, whether or not Wells Fargo and/or Pinkowski may independently seek to pursue their entitlement to restitution benefits is not relevant for purposes of this declaratory judgment action. Cf. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697 (2d Cir. 2000) ("Congress intended to make restitution an element of the criminal sentencing process and not an

6

independent action civil in nature."). All that is relevant at this juncture is that this Court has previously found that the Government may continue in its efforts to collect restitution, and thus the Court cannot enter a declaratory judgment that the beneficiaries of that restitution have no claim, interest or right to the net proceeds of the property. If the Government is entitled to pursue collection of the proceeds, the Plaintiff does not explain and the Court sees no reason why Wells Fargo and/or Pinkowski would not be entitled to those funds as described in the restitution order. See U.S. v. Bihn, 98-cr-922, Dec. 19, 2006 (Docket Entry No. 44) (listing Pinkowski and Wells Fargo as payees under criminal monetary penalties, and stating that the restitution obligation "shall continue until the full amount of restitution is paid even after the defendant's term of supervised release has terminated").

Therefore, the Court modifies Judge Lindsay's Report and Recommendation in that it adopts the recommendation to deny the motion for default judgment, but not because the Plaintiff has indicated that she cannot support her request for relief at this time. Rather, the Plaintiff's motion for a default judgment as against Wells Fargo and Pinkowski is denied because it appears that she is not entitled to relief against these two Defendants, as a matter of law. Thus, the claims by the Plaintiff against the Defendants Wells Fargo and Pinkowski are dismissed, and the Clerk of the Court is directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
June 19, 2012

                                           ____*Arthur D. Spatt*_____
                                               ARTHUR D. SPATT
                                             United States District Judge